UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JOHN W. BILLUPS, Sr.           )
                               )
v.                             )    NO. 1:08-CV-101/1:06-122
                               )    *Judge Mattice*
UNITED STATES OF AMERICA       )

**MEMORANDUM OPINION**

This is a *pro se* federal prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. The facts surrounding petitioner's conviction and sentence were set forth in an earlier memorandum and need not be recited again. (Doc. 48). By order entered on May 20, 2011, (*Id.*) the Court dismissed petitioner's sentencing claim as moot, but reserved a ruling on his remaining claim (ineffective assistance of counsel), pending submission of additional materials, including affidavits of petitioner and his lawyer, if he so desired. The affidavits and other materials have been filed, and the issue is ready for disposition.

Petitioner claimed, in his motion, that his attorney, Leonard M. Caputo, Esq., gave him ineffective assistance by failing to file a direct appeal, despite petitioner's request that an appeal be filed and despite counsel's assurance to his client that he would so do.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Both components of the *Strickland* test apply where the

asserted attorney error is the failure to file an appeal. *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000). An attorney who ignores his client's explicit direction to file an appeal, without more, has rendered an inferior and deficient performance. And, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484; *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

In petitioner's affidavit, he avers that, following his sentencing, he had a discussion with his counsel who stated "that he planned to file an appeal on [his] behalf." (Doc. 50.2, Affidavit of John W. Billups, Sr.). Petitioner further avers that he "took counsel at his word; yet, an appeal was never filed on my behalf by counsel; as he said it would." (*Id.*).

Mr. Caputo, in his affidavit, states that, at sentencing, petitioner was satisfied with the reduced sentence he received as a consequence of his favorable plea agreement and "did not express any interest in filing a direct appeal." (Doc. 51, Affidavit of Leonard M. Caputo). The affidavit continues: "Furthermore, at no time during the remaining ten-day period after sentencing within which Mr. Billups was eligible to file a direct appeal did he contact affiant and request that an appeal be filed on his behalf." (*Id.*).

Here, contrary to the allegation in his motion, petitioner has not averred in his affidavit that he actually requested that his attorney file an appeal, whereas, in Mr. Caputo's affidavit, he states that petitioner was satisfied with his reduced sentence; that he did not express any interest in filing a direct appeal at sentencing; and that he did not request an appeal within the ten-day period following sentence during which he was eligible

2

for filing an appeal. Neither affidavit shows that petitioner requested counsel to file an appeal.

The "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id*. However, "a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*.; *see also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed so to do)

The Court now **FINDS** that petitioner has not carried his burden to make a preliminary showing of his allegation that he actually requested counsel to file an appeal. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985). Since a review of the motion to vacate, the answer, and the records of the case as it now exists show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

Because petitioner's sole remaining claim of ineffective-assistance lacks merit, this § 2255 motion will be **DENIED AND DISMISSED WITH PREJUDICE**.

The Court must now consider whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal, since a petitioner may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Issuance of a COA depends on whether petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits meets the

requirements of § 2253(c) by showing jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims rejected on a procedural basis, a COA is warranted if jurists of reason would debate the correctness of the Court's procedural ruling. *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

The Court has individually assessed petitioner's claims under the relevant standards and finds those claims do not deserve to proceed further because they are not viable in light of the governing law and jurists of reason would not conclude the disposition of those claims was debatable or wrong. Thus, should petitioner file a notice of appeal in this matter, such notice will be treated as an application for a COA, which will likewise be **DENIED**. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A separate order will enter.


**ENTER**:


                                                                */s/Harry S. Mattice, Jr.*
                                                                HARRY S. MATTICE, JR.
                                                         UNITED STATES DISTRICT JUDGE